ORDER

PER CURIAM.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. *1000 27(f) and to dismiss Esther M. McKnight’s appeal from the Court of Appeals for Veterans Claims’ judgment in McKnight v. Nicholson, 03-1435, 2005 WL 3682954, for lack of jurisdiction. McKnight has not responded. McKnight moves for an extension of time to file a replacement brief.
McKnight appealed, with counsel, to the Court of Appeals for Veterans Claims seeking review of a 2003 Board of Veterans’ Appeals decision that denied entitlement to an earlier effective date for dependency and indemnity compensation (DIC) benefits. The Court of Appeals for Veterans Claims affirmed the Board’s decision by applying the law to the facts of the case and agreeing that there was no earlier document that could be considered a claim for DIC. The Court of Appeals for Veterans Claims also declined to reach an issue raised for the first time on appeal to that court. McKnight appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Pñncipi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
McKnight’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The determination of whether an earlier document constituted a claim for DIC benefits involves the application of law to the facts of a case. In these circumstances, this court lacks jurisdiction to review McKnight’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) McKnight’s motion is moot.
(4) Each side shall bear its own costs.